Dwight W. DAVIS, Plaintiff and Appellant,

v.

Gayle E. SATROM and D.C. Blair, Defendants and Appellees.

Civ. No. 10995.

Supreme Court of North Dakota.

March 19, 1986.

Dickel, Johannson, Wall, Taylor, Rust & Schmitz, Crookston, for plaintiff and appellant.

Caldis, Arneson & Tingum, Grand Forks, for defendants and appellees.

ERICKSTAD, Chief Justice.

Dwight W. Davis appeals from a district court summary judgment dismissing his complaint against Gayle E. Satrom and D.C. Blair for specific performance of an alleged contract for the sale and purchase of a mobile home park or damages for breach of the contract. We affirm.

After negotiating to buy a mobile home park from Satrom and Blair, Davis sent to David Wisdom, a real estate agent, a "letter of intent" dated July 24, 1984, to purchase the park. The letter, which contained various terms and conditions, provided:

"If this proposal is acceptable, please have owner sign below and return the signed copy to us. We will then deposit $10,000 into a trust account at the Bank of America and will prepare an agreement of purchase and sale ...."

Blair changed some of the terms contained in the letter and returned it to Davis.

After further negotiations, Davis submitted an unsigned "commercial purchase agreement and deposit receipt" containing terms not present in the letter of intent. Blair signed the commercial purchase agreement and deposit receipt, after inserting several additional handwritten conditions, including one making the agreement subject to the approval of the sellers' attorney. Davis received a copy of the agreement as altered and signed by Blair.

By letter dated September 7, 1984, Blair told Wisdom that they would "pass" Davis' offer and terms. Wisdom forwarded Blair's letter to Davis and by letter dated September 17, 1984, informed Davis that Satrom and Blair "have indicated to me that they are unwilling to negotiate further or close this transaction."

In a September 25, 1984 letter to Satrom, Davis stated "I am ready to fully perform under the terms of the purchase agreement that you and Mr. Blair signed," and enclosed a check in the amount of $10,000, which Satrom returned uncashed.

Davis sued for specific performance or damages, and the trial court entered summary judgment dismissing the action. The sole issue on appeal is whether or not summary judgment was properly granted.

Rule 56(c), N.D.R.Civ.P., provides in part: "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

The purpose of summary judgment is to promote expeditious disposition of cases without trial when there is no dispute as to material facts or inferences to be drawn from undisputed facts, or when only a question of law is involved. *Milbank Mut. Ins. Co. v. Dairyland Ins. Co.*, 373 N.W.2d 888 (N.D.1985).

"Our task on appeal from summary judgment is to determine:

'Did the information available to the trial court, when viewed in a light most favorable to the opposing party, preclude the existence of a genuine issue as to any material fact and entitle the moving party to summary judgment as a matter of law?' *Johnson v. Haugland*, 303 N.W.2d 533, 537 (N.D.1981)." *Binstock v. Tschider*, 374 N.W.2d 81, 83 (N.D. 1985).

■ Davis asserts that there had been no discovery at the time of the motion for summary judgment; that "[i]t was anticipated that the Court would deny the Motion and Plaintiff would then move forward with appropriate discovery"; and that discovery might show that the " 'escape clauses' were not conditions or were conditions which could reasonably have been complied with by the Defendants." Davis did not avail himself of the procedure under Rule 56(f), N.D.R.Civ.P., of submitting affidavits stating a need for discovery or requesting a continuance in order to present further affidavits or depositions in support of his opposition to the motion for summary judgment. Davis' contentions in this regard are, therefore, without merit. *Schoonover v. Morton County*, 267 N.W.2d 819 (N.D. 1978).

In *Greenberg v. Stewart*, 236 N.W.2d 862 (N.D.1975), a series of letters were exchanged between a property owner and a prospective purchaser. The trial court granted summary judgment dismissing the prospective purchaser's action for specific performance, holding as a matter of law that the letters exchanged "did not constitute acceptances, but were counter offers." *Id.*, at 868. We affirmed, stating in the Syllabus that:

"3. In order to form a contract for the sale of real property there must be a meeting of the minds between the parties with respect to all of the terms and conditions of the sale and there must be an unqualified and absolute acceptance of an offer by either party.

"4. A conditional or qualified acceptance is itself a counter offer and rejects the original offer so that no valid contract is made.

"5. Whenever a modification of the terms of a proposal, made in response to a proposal, changes the terms of the original proposal, the modification is a new proposal or counter offer."

■ Davis' letter of July 24 was an offer. Blair's modifications of that offer constituted a counteroffer. The commercial purchase agreement submitted by Davis was another counteroffer. Blair's acceptance of the commercial purchase agreement after inserting several additional handwritten conditions also constituted a counteroffer. Consequently, there was no contract at that point because there had never been an unqualified acceptance of an offer without the introduction of additional terms and conditions. *Greenberg v. Stewart, supra*. See also *Wucherpfennig v. Dooley*, 351 N.W.2d 443 (N.D.1984); *Cooke v. Blood Systems, Inc.*, 320 N.W.2d 124 (N.D.1982); *Mason v. Haakenson*, 303 N.W.2d 557 (N.D.1981).

Assuming that Davis accepted the commercial purchase agreement as modified by Blair, as he contends (although he did not sign it), he accepted it with the conditions imposed by Blair. One of those conditions was that the agreement be approved by the sellers' attorney, Mr. Ruemmele. Ruemmele did not approve the agreement because, among other things, it reserved to Davis the right to allocate the purchase price among the land, improvements, and personal property, which could have resulted in unfavorable tax consequences to Blair and Satrom.

■ The formation of a contract may be conditioned upon the act of a third person. *Quinn Distributing Company v. North Hill Bowl, Inc.*, 139 N.W.2d 860 (N.D. 1966); *Lilly v. Haynes Co-op. Coal Mining Co.*, 50 N.D. 465, 196 N.W. 556 (1923). In *Lilly v. Haynes, supra*, we specifically held in Syllabus ¶ 1:

"Where one of the parties to a contract stipulates for the approval of his attorney, in the absence of fraud in withholding the approval, the contract, made con-

ditional on such approval, is not effective or operative unless it be obtained."

The trial court determined that "Ruemmele's disapproval of the agreement was reasonable and was not fraudulently obtained." Therefore, the contract never became effective because the condition precedent, Ruemmele's approval, never occurred. Davis' unsupported assertion that Ruemmele's "review was merely one as to form and not as to substance," is without merit.

For the reasons stated, we conclude that, as a matter of law, there was no enforceable contract. When viewed in a light most favorable to Davis, the information available to the trial court precluded the existence of a genuine issue as to any material fact and entitled Satrom and Blair to summary judgment.

The summary judgment of dismissal is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.