CONTINENTAL CASUALTY COMPANY, Plaintiff and Appellee,

v.

Robert W. KINSEY, Robert W. Kinsey, P.C., Defendants and Appellants,

and

Anita Bjorgen, Defendant.

Civ. No. 930277.

Supreme Court of North Dakota.

March 8, 1994.

Christian A. Preus (argued), Minneapolis, MN, and Fleck, Mather & Strutz, Bismarck, for plaintiff and appellee. Appearance by Steven A. Storslee.

James L. Norris (argued), P.C., Bismarck, for defendants and appellants.

LEVINE, Justice.

Robert Kinsey and his professional corporation (Kinsey) appeal from a final judgment, dated July 9, 1993, dismissing Kinsey's counterclaim against Continental Casualty Company (Continental). We conclude that Kinsey has failed to raise a genuine issue of material fact on the counterclaim and that Continental is entitled to summary judgment. We affirm.

The facts underlying this litigation are fully set forth in *Bjorgen v. Kinsey,* 466 N.W.2d 553 (N.D.1991), and *Continental Casualty Co. v. Kinsey,* 499 N.W.2d 574 (N.D.1993)

(*Kinsey I*), and will be repeated here only when relevant to the issues presented in this appeal. In October 1989, Anita Bjorgen obtained a judgment in the amount of $526,-964.30 against Kinsey for his fraud and deceit in providing legal services for her. Continental then brought a declaratory judgment action to determine whether Bjorgen's judgment was covered by Kinsey's professional liability insurance policy with Continental. In *Kinsey I,* we concluded that Kinsey's professional liability policy afforded coverage for the punitive damages portion of Bjorgen's damage award against Kinsey, up to the policy limits of $250,000, but did not cover the compensatory damages portion of the judgment. We also determined that Kinsey must reimburse Continental for amounts paid to Bjorgen under the policy.

Kinsey filed a counterclaim, alleging that Continental did not act in good faith in defending him against Bjorgen's action. The trial court summarily dismissed that counterclaim. Kinsey appealed from the summary judgment dismissal, and in *Kinsey I* we remanded the counterclaim to the trial court for reconsideration:

> "The primary ground for the trial court's dismissal of Kinsey's counterclaim was the court's conclusion that Kinsey's insurance policy with Continental did not provide coverage for Bjorgen's judgment against Kinsey. We have construed the policy to provide coverage for the punitive damages portion of Bjorgen's judgment, and, therefore, it is necessary for the trial court to reconsider the merits of Kinsey's counterclaim.
>
> "... We reverse the decision of the trial court, and we remand for reconsideration of the issues raised by Kinsey's counterclaim and for entry of judgment in accordance with this opinion."

*Kinsey I, supra,* 499 N.W.2d at 582.

Upon remand, the trial court held a conference on June 21, 1993. The court explained the purpose of the conference:

> "... I am reconsidering the motion as the supreme court directed me to do. I am giving you the opportunity to express your thoughts in response to the Court's letter.

> "MR. NORRIS: You never said this was going to be a motion for summary judgment, Your Honor.

> "THE COURT: I don't have to give you an opportunity for further input on reconsideration of the motion. The Supreme Court gave me orders to reconsider. Didn't order me to have a hearing or anything like that.

>    *    *    *    *    *    *

> "The court directed me to reconsider, didn't say to submit it to the parties again for resubmission or anything like that. But I am giving you the opportunity to make whatever statements you want to according to my reconsideration."

After the conference, the trial court summarily dismissed Kinsey's counterclaim, stating:

> "After reconsideration, this Court continues to believe there is no genuine issue of material fact and the order of summary judgment is affirmed."

Kinsey argues on appeal that the trial court erred in deciding to summarily dismiss the counterclaim after the June 21, 1993 conference, without giving the parties an opportunity to present additional evidence and argument. We disagree. We remanded the counterclaim to the trial court to reconsider the summary dismissal of it in light of our determination in *Kinsey I* that there was partial insurance coverage and, consequently, that Continental did owe Kinsey, as its policyholder, a duty of good faith and fair dealing. *See, e.g., Corwin Chrysler–Plymouth, Inc. v. Westchester Fire Ins. Co.,* 279 N.W.2d 638 (N.D.1979). Our remand did not require the trial court to hold an evidentiary hearing, but only to reconsider its summary dismissal of the counterclaim in view of our holding in *Kinsey I.*

■■■ Kinsey also asserts that the trial court erred in refusing to give Kinsey additional time for discovery under Rule 56(f), N.D.R.Civ.P.:

> "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the appli-

cation for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Our rule is identical to Rule 56 of the Federal Rules of Civil Procedure, so federal court interpretations of the federal rule are persuasive. *Severson v. Surita*, 506 N.W.2d 410 (N.D.1993); *Moon v. Moon*, 499 N.W.2d 597, n. 10 (N.D.1993). A request for additional time for discovery under Rule 56(f) invokes the trial court's discretion, and absent an abuse of that discretion the trial court's decision will not be overturned on appeal. *American Lease Plans, Inc. v. Silver Sand Co.*, 637 F.2d 311 (5th Cir.1981). The trial court can, within its discretion, cut off discovery prior to ruling on a summary judgment motion, when the record indicates that further discovery will not likely produce facts necessary to defeat the motion. *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073 (5th Cir.1990); *United States v. Light*, 766 F.2d 394 (8th Cir.1985). It is incumbent upon the party requesting additional discovery time to bring to the court's attention reasons justifying that request. *Federal Land Bank of St. Paul v. Asbridge*, 414 N.W.2d 596 (N.D.1987).

█ Kinsey listed facts in his appellate brief that he wanted to obtain through additional discovery:

"The facts that Kinsey is trying to obtain [are] exclusively or primarily within the control of Continental. These facts will show that (1) Continental and/or the attorney it hired (Donald Peterson) failed to settle the *Bjorgen v. Kinsey* case prior to trial, (2) Continental failed to join other third parties as requested by Kinsey, (3) Continental failed to join or consolidate the *Bjorgen v. First National Bank of Crosby* litigation that involved the same facts and damages, (4)·Continental controlled Donald Peterson's defense of the *Bjorgen v. Kinsey* case, and (5) Continental failed to file a supersede[a]s bond for Kinsey on the appeal of *Bjorgen v. Kinsey*."

In denying the request for additional discovery, the trial court concluded that Kinsey already had considerable time to conduct discovery. We agree, and we conclude that the court did not abuse its discretion in refusing to grant Kinsey additional time for discovery under Rule 56(f), N.D.R.Civ.P.

The party moving for summary judgment has the burden of demonstrating clearly that there is no genuine issue of material fact. *Matter of Estate of Stanton*, 472 N.W.2d 741 (N.D.1991). However, the party opposing a motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must respond by affidavit or as otherwise provided under Rule 56, N.D.R.Civ.P., showing that there is a genuine issue for trial. *Dvorak v. American Family Mutual Ins. Co.*, 508 N.W.2d 329 (N.D.1993). Even if factual disputes exist between the parties, summary judgment is appropriate if the law is such that the resolution of the factual dispute will not change the result. *Striegel v. Dakota Hills, Inc.*, 365 N.W.2d 491 (N.D.1985).

█ Kinsey claims that Continental should have settled the Bjorgen litigation before it went to trial. An insurance company's implied duty to settle a case for the benefit of the insured is to protect the insured from exposure to liability in excess of the insurance coverage. *See Dvorak, supra*, 508 N.W.2d at 331. However, in this case Kinsey had no insurance coverage for compensatory damages resulting from Kinsey's intentional wrongdoing and, although Continental had a contractual duty to pay punitive damages awarded against Kinsey, it also had a right to reimbursement from Kinsey. Consequently, Kinsey was ultimately liable to pay every dollar of any settlement reached in the Bjorgen case. Furthermore, Kinsey made no demand upon Continental to settle the case with Bjorgen. Under these circumstances, we conclude that, as a matter of law, Continental did not breach a duty toward Kinsey to settle the case.

█ Kinsey complains that Continental closely monitored and controlled attorney Peterson's representation of Kinsey in defending him in the Bjorgen litigation. Kinsey also complains that Continental failed to join third parties and refused to consolidate another related litigation with this case. These

allegations, even if proved to be true, do not raise a valid claim for relief against Continental unless it is established that there was a failure to adequately defend Kinsey, amounting to legal malpractice resulting from Continental's control over the litigation. Generally, expert testimony is necessary to establish professional malpractice. *Richmond v. Nodland,* 501 N.W.2d 759 (N.D. 1993). Kinsey has failed to produce, by affidavit or otherwise, an expert opinion that the defense provided by Continental, through attorney Peterson, fell below the accepted standard of professional legal representation. We conclude, therefore, that Kinsey has failed to raise a genuine issue of material fact that Continental breached a duty to Kinsey of good faith and fair dealing in defending Kinsey in the Bjorgen litigation.

■ Kinsey also asserts that the trial court erred in dismissing the counterclaim against Continental for failing to file a supersedeas bond on the appeal from Bjorgen's judgment against Kinsey. According to Black's Law Dictionary 1438 (6th ed. 1990), a supersedeas bond is:

> "A bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful."

The purpose of a supersedeas bond is to maintain the status quo and protect the judgment holder if the appeal is unsuccessful. *See* Rule 62(d), N.D.R.Civ.P.; *Edge v. Harsha,* 334 N.W.2d 741 (Iowa 1983). Kinsey has not demonstrated under what authority Continental had a duty to file a supersedeas bond. Nevertheless, assuming that Continental should have filed a supersedeas bond upon appealing from the Bjorgen judgment, Kinsey has failed to establish any damages from not filing the bond. The purpose of filing the bond would have been to protect the judgment creditor, Bjorgen, not Kinsey, pending the appeal. We upheld the Bjorgen judgment for damages against Kinsey, and we also determined that Kinsey is ultimately liable for the entire judgment. Consequently, we deem this issue to be without merit.

■ Kinsey also argues on appeal that Continental is vicariously liable for negligent representation of Kinsey by attorney Peter-

son in the Bjorgen litigation. Kinsey has not demonstrated, by affidavit or otherwise, that attorney Peterson was negligent in providing legal services for Kinsey. Furthermore, Kinsey did not allege in the counterclaim that Peterson was negligent or that Continental should be held vicariously liable for Peterson's conduct. In effect, Kinsey is requesting an advisory opinion about whether an insurance company is vicariously liable for the conduct of an attorney hired to represent an insured. We do not render advisory opinions on academic questions not ripe for review. *Municipal Services Corp. v. Kusler,* 490 N.W.2d 700 (N.D.1992).

The summary judgment dismissing Kinsey's counterclaim against Continental is affirmed.

SANDSTROM, Acting C.J., NEUMANN and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of VANDE WALLE, C.J., disqualified.