1998 ND 107

**Gloria AHO, Beverly J. Hamel, Darlene Aliff and Bradley K. Aho, Plaintiffs and Appellees,**

v.

**Alex MARAGOS and his heirs, executors, administrators, successors and assigns, and all other persons unknown or their heirs, devisees, legatees or creditors or otherwise claiming any estate or interest in, or lien or encumbrance upon, the property described in the Complaint herein, Defendants and Appellants.**

Civil No. 970265.

Supreme Court of North Dakota.

May 26, 1998.

Scott J. McDonald, Bowman, for plaintiffs and appellees.

John C. Skowronek, of Lamont & Skowronek, Minot, for defendants and appellants.

VANDE WALLE, Chief Justice.

[¶ 1] Alex Maragos appealed from a summary judgment quieting title to mineral interests in Gloria Aho, Beverly J. Hamel, and Darlene Aliff. We conclude the district court erred in denying Maragos's motion for a continuance to conduct further discovery, and we reverse.

[¶ 2] Edwin and Mildred Feland owned the property in question and, in 1984, named Maragos their agent to clear title to the property. In 1988 the Felands granted an oil and gas lease with a primary term of three years to Maragos. In 1990, Maragos brought an action to quiet title to the mineral interests against Norwest Bank and Flore Properties. Upon motion of Norwest and Flore, the Felands were made involuntary plaintiffs in that action. Mildred Feland died while the case was pending, and Edwin Feland became sole owner of the property.[1] The case was ultimately settled on January 10, 1994, when the parties stipulated to quiet title to the minerals in Maragos and Edwin Feland. Edwin Feland died that same day, and his interest in the disputed minerals passed to his children, Gloria Aho, Beverly J. Hamel, and Darlene Aliff (hereafter "the heirs").

[¶ 3] Maragos claims he had an oral agreement with Edwin Feland that, as soon as the Norwest litigation was concluded, Feland would lease the minerals to Maragos. The heirs have refused to honor this alleged oral agreement, and on January 7, 1997, they brought this action to quiet title to the disputed mineral interests. Maragos filed an answer on February 18, 1997. The heirs moved for summary judgment on April 3, 1997, and a telephonic hearing on the motion was held on April 23, 1997. At that hearing, Maragos moved for a continuance, asserting he had not had an opportunity to conduct necessary discovery to adequately oppose the summary judgment motion. On June 13, 1997, the district court, without specifically addressing Maragos's motion for a continuance, granted summary judgment quieting title in the heirs.

[¶ 4] The dispositive issue on appeal is whether the district court erred in not granting Maragos's request for additional time to conduct discovery to develop evidence in opposition to the motion for summary judgment. N.D.R.Civ.P. 56(f) provides:

> "(f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a contin-

---

1. For a detailed discussion of the complex factual background and procedural history, *see Mara-gos v. Norwest Bank Minnesota, N.A.,* 507 N.W.2d 562 (N.D.1993).

uance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

A request for additional time for discovery under Rule 56(f) invokes the trial court's discretion, and its decision will not be overturned on appeal absent an abuse of that discretion. *Perry Center, Inc. v. Heitkamp*, 1998 ND 78, ¶¶ 10–11, 576 N.W.2d 505; *Continental Casualty Co. v. Kinsey*, 513 N.W.2d 66, 69 (N.D.1994). However, summary judgment under Rule 56 is only appropriate if the nonmoving party has had a full opportunity to conduct discovery to develop information essential to its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 257, 106 S.Ct. 2505, 2511 n. 5, 2514, 91 L.Ed.2d 202, 213 n. 5, 217 (1986); *see also* 11 Moore's Federal Practice § 56.10[8][a] (1998) ("The district courts have a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment").

[¶ 5] In this case, the district court did not address Maragos's motion for a continuance or give any reasoning or rationale for its implicit denial of the motion. The court merely, at a later date, granted the heirs' motion for summary judgment. The factual situation is virtually identical to *Johnson Farms v. McEnroe*, 1997 ND 179, ¶ 30, 568 N.W.2d 920, in which the trial court "ignored" the nonmoving party's request for additional time for discovery and granted summary judgment. In concluding that the court erred in failing to allow additional time for discovery, we stressed that Rule 56(f) must be liberally applied:

" '[t]he purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective. Consistent with this purpose, courts have stated that technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality.' "

2. We have noted, however, that a court's discretion to deny a Rule 56(f) request may be broader when further discovery would not involve an issue which is the subject of the summary judg-

*Johnson Farms*, 1997 ND 179, ¶ 27, 568 N.W.2d 920 (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2740, at p. 532 (1984)); *see also, e.g., Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir.1994).

[¶ 6] We note Maragos's request for a continuance was not made by affidavit, but by an oral motion at the hearing. *Johnson Farms*, 1997 ND 179, ¶ 29, 568 N.W.2d 920, answers this concern:

"If the trial court's reason for denying the request is because it was not made in affidavit form, that reason is not apparent from the decision and, in any event, would be a technical application of a rule that should be applied with a spirit of liberality."

*See also Larson v. Baer*, 418 N.W.2d 282, 288–289 (N.D.1988); *Davis v. Satrom*, 383 N.W.2d 831, 833 (N.D.1986). Numerous cases construing the corresponding federal rule indicate the request for a continuance need not be in affidavit form. *See, e.g., Stults v. Conoco, Inc.*, 76 F.3d 651, 657–658 (5th Cir.1996); *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir.1994); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1534 (9th Cir.1989), *cert. denied*, 493 U.S. 1076, 110 S.Ct. 1126, 107 L.Ed.2d 1033 (1990).

[¶ 7] Our primary concern under Rule 56(f) is to ensure that parties are given a full and fair opportunity to conduct necessary discovery before being required to meet a motion for summary judgment. Rule 56(f) "is intended to safeguard against judges swinging the summary judgment axe too hastily." *Resolution Trust*, 22 F.3d at 1203. We will apply the rule to prevent a "rush to summary judgment" when a party has been denied a fair opportunity to conduct discovery.[2]

[¶ 8] In this case, the heirs moved for summary judgment six weeks after Maragos served his answer. The hearing was held 20

ment motion or when the summary judgment motion is based upon governmental immunity. *Perry Center*, 1998 ND 78, ¶ 10, 576 N.W.2d 505.

days later. When presented with this accelerated time frame, we believe the district court abused its discretion in failing to allow Maragos additional time to conduct discovery to oppose the motion for summary judgment. *See Weidner v. Engelhart,* 176 N.W.2d 509, 520 (N.D.1970) ("due to the short period of time involved," the trial court erred in refusing to allow time for discovery and granting summary judgment where actions were commenced in late 1967 and early 1968 and separate summary judgments were entered in June, September, October, and November of 1968).

[¶ 9] The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

[¶ 10] MESCHKE and MARING, JJ., and MAURICE R. HUNKE, District Judge, concur.

[¶ 11] MAURICE R. HUNKE, District Judge, sitting in place of NEUMANN, J., disqualified.

SANDSTROM, Justice, dissenting.

[¶ 12] The majority reverses summary judgment because the trial court failed to grant a continuance under N.D.R.Civ.P. 56(f). Because the rule was neither invoked nor followed, and because the cases cited by the majority support affirmance, not reversal, I dissent.

[¶ 13] N.D.R.Civ.P. 56(f) provides:

**"When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The rule is not ambiguous. Its invocation plainly requires affidavits from the party opposing the motion stating the reasons the party cannot present affidavit facts essential to justify opposition to the motion for summary judgment. Here there was no such

affidavit from Maragos. This Court has repeatedly said the invocation of Rule 56(f) requires the procedures of the rule be followed. *Timmerman Leasing, Inc. v. Christianson,* 525 N.W.2d 659, 663 (N.D.1994) ("Rule 56(f), N.D.R.Civ.P., provides the proper procedure when a party has been unable to obtain evidence in opposition to a motion for summary judgment"); *Larson v. Baer,* 418 N.W.2d 282, 288–89 (N.D.1988) ("Plaintiffs did not comply with Rule 56(f). Therefore, we decline to reverse summary judgment on the basis of the incomplete state of plaintiffs' discovery."). Indeed in *Hummel v. Mid Dakota Clinic, P.C.,* 526 N.W.2d 704, 708 (N.D.1995), we held the assertions in the trial brief about pursuing additional discovery, together with the affidavit of *counsel* (not the party), were insufficient.

"The possibility that discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny summary judgment where the party opposing the motion has failed to specifically invoke Rule 56(f) procedures. *Larson v. Baer,* 418 N.W.2d 282, 288–289 (N.D.1988); *Davis v. Satrom,* 383 N.W.2d 831, 833 (N.D.1986). *Timmerman Leasing, Inc., supra.* We therefore limit our review to the documentary evidence submitted in opposition to the Clinic's motion."

[¶ 14] Here Maragos filed a brief in opposition to the motion for summary judgment, together with the Affidavit of Alex Maragos, and other exhibits, all saying *nothing* about Rule 56(f), and saying *nothing* about the need for additional discovery. Indeed, Maragos filed his own cross motion for partial summary judgment. Maragos said nothing about the need for additional discovery until late in the hearing on the motion for summary judgment. Only in the last moments did Maragos suggest the possibility of a continuance for additional discovery, still without invoking Rule 56(f).

[¶ 15] Under these circumstances, neither the plain words of the rule, the long-standing interpretation by this Court, *nor* the cases cited as authority support this Court's reversal for failure to grant a continuance for further discovery.

[¶ 16] The majority asserts, at ¶ 5, that here the "factual situation is virtually identical to *Johnson Farms v. McEnroe*, 1997 ND 179, ¶ 30, 568 N.W.2d 920." It is not. In *Johnson Farms,* the opposing party clearly and explicitly raised Rule 56(f) in its trial court brief in opposition to the motion for summary judgment:

"In a highlighted section of its trial court brief, Johnson Farms made a request for additional discovery under N.D.R.Civ.P. 56(f):

" 'Subsection (f) of Rule 56 of the North Dakota Rules of Civil Procedure provides that a court may grant an extension of time to conduct additional discovery prior to ruling on a motion for summary judgment. In the present case the Plaintiff[ ] attempted to schedule the Defendants depositions on at least two (2) occasions. At the request of the Defendants' counsel the depositions were postponed on both occasions. Thereafter, the defendant[s] initiated discovery to which the plaintiff responded. The plaintiff then served interrogatories and discovery requests which were partially answered on July 17th. While the plaintiff's outstanding discovery was pending, and before the plaintiff[ ] ha[s] had an opportunity to take the depositions of the defendants, the defendants filed their current motions for summary judgment. Pursuant to Rule 56(f) the Court should grant additional time to allow the plaintiff[ ] to take the depositions of the defendants and to require the defendants completely answer the plaintiff's outstanding discovery requests.'

"The trial court's decision does not mention Johnson Farms' request for time to pursue further discovery. If the trial court's reason for denying the request is because it was not made in affidavit form, that reason is not apparent from the decision and, in any event, would be a technical application of a rule that should be applied with a spirit of liberality."

*Johnson Farms* at ¶¶ 28–29. In this case, there was no such invocation of Rule 56(f) in the trial court brief, nor any request for a continuance until the end of the hearing, and then without mentioning the rule. The significance of the factual differences between this case and *Johnson Farms* is cogently explained in 11 James Wm. Moore, *Moore's Federal Practice* ¶ 56.10(8)(a) (1997) (emphasis added) (footnotes omitted):

"The district courts have a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment. To this end, it has been said that Rule 56(f) should be liberally construed. *On the other hand, a party seeking a Rule 56(f) continuance is generally required to demonstrate due diligence both in pursuing discovery before the summary judgment motion is made and in pursuing the extension of time after the motion is made.*

Here there was no diligence in pursuing the extension of time once the motion for summary judgment was made.

[¶ 17] At ¶ 6, the majority offers *Larson v. Baer,* 418 N.W.2d 282, 288–89 (N.D.1988), and *Davis v. Satrom,* 383 N.W.2d 831, 833 (N.D.1986) as general support of its position. But in both cases the opposing party failed to submit affidavits on the need for further discovery, and their Rule 56(f) arguments were held without merit.

[¶ 18] The majority cites *Stults v. Conoco, Inc.,* 76 F.3d 651, 657–58 (5th Cir.1996), as indicating that under the corresponding federal rule the request for a continuance need not be in affidavit form. In *Stults,* summary judgment was affirmed in the face of a Rule 56(f) argument even though the opposing party submitted no affidavit as to the need for additional discovery. Although the court in *Stults* did indicate something less formal than an affidavit may be acceptable, it said the opposing party must explain to the trial court "why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." Here Maragos wholly failed to meet this standard. Indeed the only specific discovery need Maragos' attorney identified was "we are going to have to decide in discovery ... exactly what Alex Maragos perceived their their [sic] agreement to be with regard to quieting title

in their joint names." A party does not need discovery to ascertain his own perception.

[¶ 19] Also for the proposition that the request for a continuance need not be in affidavit form, the majority cites *St. Surin v. Virgin Islands Daily News, Inc.,* 21 F.3d 1309, 1314 (3d Cir.1994). In *St. Surin,* in response to a motion for summary judgment, the opposing party promptly filed a written "Rule 56(f) motion requesting more time for discovery before responding to the [summary judgment] motion." The Rule 56(f) motion, although not accompanied by affidavits, specifically identified individuals still to be deposed on dispositive issues, because of their unavailability. The trial court granted summary judgment. The court said in *St. Surin:*

> "Although we again emphasize the desirability of full compliance with Rule 56(f), failure to support a Rule 56(f) motion by affidavit is not automatically fatal to its consideration.... If a Rule 56(f) motion does not meet the affidavit requirement, it must still 'identify with specificity "what particular information is sought; how, if uncovered it would preclude summary judgment; and why it has not previously been obtained."'"

*St. Surin* at 1314. Again, by the *St. Surin* standard, Maragos has failed to meet the requirements of Rule 56(f).

[¶ 20] Finally for the proposition that the request for a continuance need not be in affidavit form, the majority cites *Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1534 (9th Cir.1989). Although the *Bryant* court notes "a Rule 56(f) affidavit is not always necessary," its full pronouncement is devastating to the majority's analysis:

> "Finally, Bryant's failure to comply with Rule 56(f) is relevant. While *Program Engineering* concluded that a Rule 56(f) affidavit is not always necessary in order 'to raise in the lower court the issue whether [the opponent] was entitled to additional discovery,' 634 F.2d at 1193, the absence of a formal request for a continuance is relevant to the question whether the district court abused its discretion by ruling on the motion when it did, *see Beneficial Standard,* 851 F.2d at 277 (*opponent's 'informal, oral requests to the court for more time to conduct discovery fell short of compliance with Rule 56'*); *Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986) ('Failure to comply with the requirements of Rule 56(f) is proper ground for denying discovery and proceeding to summary judgment.'); *Foster v. Arcata Associates, Inc.,* 772 F.2d 1453, 1467 (9th Cir.1985) ('We reject appellant's claim because she failed to follow the proper procedures under the Federal Rules of Civil Procedure for obtaining a continuance or other appropriate discovery order when opposing a motion for summary judgment.'), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986). For these reasons we conclude that the district court did not abuse its discretion by deciding Ford's summary judgment motion when it did."

(Emphasis added). Under *Bryant,* the district court here clearly did not abuse its discretion in granting summary judgment.

[¶ 21] All of the cases cited by the majority demonstrate more is required to defeat summary judgment than occurred here.

[¶ 22] Finally, as the majority notes at footnote 1, this is a case with a lengthy legal background. The parties were not plowing virgin earth.

[¶ 23] Maragos not only failed to timely raise or diligently pursue a continuance, he failed to support it with affidavits, or with the non-affidavit alternatives occasionally accepted by some courts. The trial court did not abuse its discretion. I would affirm.

[¶ 24] Dale V. Sandstrom