Michelle SMITH, individually and as the Personal Representative of the Estate of William Smith, Amanda Smith and William Smith, Jr., Plaintiffs,

v.

Richard VESTAL, City of Williston, N.D., a municipal corporation, Defendants and Appellees,

Burlington Northern Railroad Corporation, Defendant.

BRAUN ENGINEERING TESTING OF NORTH DAKOTA, INC., Defendant, Third–Party Plaintiff and Appellant,

v.

RED RIVER SUPPLY, INC., Third–Party Defendant.

Michelle SMITH, individually and as the Personal Representative of the Estate of William Smith, Amanda Smith and William Smith, Jr., Plaintiffs,

v.

Richard VESTAL, Defendant and Appellee,

Burlington Northern Railroad Corporation, Defendant,

City of Williston, N.D., a municipal corporation, Defendant and Appellant.

BRAUN ENGINEERING TESTING OF NORTH DAKOTA, INC., Defendant and Third–Party Plaintiff,

v.

RED RIVER SUPPLY, INC., Third–Party Defendant.

Michelle SMITH, individually and as the Personal Representative of the Estate of William Smith, Amanda Smith and William Smith, Jr., Plaintiffs and Appellants,

v.

Richard VESTAL, City of Williston, N.D., a municipal corporation, Defendants and Appellees,

Burlington Northern Railroad Corporation, Defendant.

BRAUN ENGINEERING TESTING OF NORTH DAKOTA, INC., Defendant and Third–Party Plaintiff,

v.

RED RIVER SUPPLY, INC., Third–Party Defendant.

Civ. Nos. 890189, 890254 and 890255.

Supreme Court of North Dakota.

June 1, 1990.

Zuger Law Offices, Bismarck, for plaintiffs and appellants Michelle Smith, Amanda Smith and William Smith, Jr.; argued by William E. McKechnie.

Pringle & Herigstad, P.C., Minot, for defendant and appellee Richard Vestal and for third-party defendant Red River Supply, Inc.; argued by David J. Hogue.

Fleck, Mather, Strutz & Mayer, P.C., Bismarck, for defendant, appellee, and appellant City of Williston; argued by Daniel L. Hovland.

David D. Beaudoin (argued), Bloomington, Minn., for defendant, third-party plaintiff and appellant Braun Engineering Testing of North Dakota, Inc.

GIERKE, Justice.

Braun Engineering Testing of North Dakota, Inc. (Braun); the City of Williston (Williston); and Michelle Smith (Smith) have appealed from summary judgments dismissing Richard Vestal and Red River Supply, Inc. (Red River), as parties. We dismiss the appeals.

Smith sued Vestal, Williston, Burlington Northern Railroad Corporation (Burlington Northern) and Braun for damages resulting from the death of William Smith, an employee of Red River, who was killed when his employer's cement storage facility collapsed. The complaint alleged that Vestal was Red River's contractor for construction of the storage facility and alleged negligence on the part of all of the defendants.

Vestal and Burlington Northern answered the complaint, denied negligence and sought dismissal of the complaint. Williston answered the complaint and crossclaimed against Vestal, Burlington Northern and Braun for contribution or indemnity if it should be held liable to the plaintiffs. Braun answered the complaint and crossclaimed against Vestal, Williston and Burlington Northern for contribution or indemnity if it should be held liable to the plaintiffs. Braun also filed a third-party complaint against Red River for contribution or indemnity if it should be held liable to the plaintiffs. Red River answered and sought dismissal of the third-party complaint.

Relying on the exclusive remedy provisions of the workers compensation stat-

utes, Red River and Vestal[1] moved for summary judgments of dismissal and requested attorney fees under Rule 11, N.D.R.Civ.P., or § 28–26–01, N.D.C.C., on the ground that the claims against them were frivolous. The trial court granted the motions for summary judgment and denied the requests for attorney fees. The trial court issued a certification under Rule 54(b), N.D.R.Civ.P., and summary judgments dismissing Vestal and Red River were entered accordingly.

Smith, Braun and Williston have raised issues with regard to the propriety of the trial court's granting of the motions for summary judgment, and the trial court's certification under Rule 54(b), N.D.R.Civ.P., and entry of the judgments. Red River seeks the assessment of costs and attorney fees against Braun as a sanction under Rule 11, N.D.R.Civ.P.

■ For an order in a multi-claim or multi-party action to be appealable, there must be compliance with Rule 54(b), N.D.R.Civ.P., if there are unadjudicated claims remaining to be resolved by the trial court. *E.g. Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1989). Rule 54(b), N.D.R.Civ.P., provides:

> *"(b) Judgment upon multiple claims or involving multiple parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Rule 54(b) "should be construed to preserve our long-standing policy against piecemeal appeals." *Peterson v. Zerr*, 443 N.W.2d 293, 297 (N.D.1989). Its use should be reserved for the " 'infrequent harsh case' ... to carry out the policy against piecemeal appeals while affording litigants a remedy in the exceptional case." *Union State Bank v. Woell*, 357 N.W.2d 234, 237 n. 4 (N.D.1984). We have recently "reaffirmed our view that Rule 54(b) certifications should be reserved for the 'infrequent harsh case.' " *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919, 921 (N.D.1989).

■ We will *sua sponte* review a Rule 54(b) certification to determine if the trial court abused its discretion. *Union State Bank v. Woell, supra*. The trial court did not list any specific factors supporting its Rule 54(b) certification.[2] In *Union State Bank v. Woell, supra*, 357 N.W.2d at 238, this court noted several relevant factors for consideration in cases involving Rule 54(b), N.D.R.Civ.P.:

> " 'In reviewing 54(b) certifications, other courts have considered the following factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the

---

1. Vestal stated in an affidavit that he was the president and sole stockholder of Red River, an employee of Red River, and a coemployee of William Smith's.

2. We believe "the trial court should articulate in writing the reasons supporting its decision." *Union State Bank v. Woell, supra,* 357 N.W.2d at 237.

particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).' *Allis–Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d [360] at 364 [ (3d Cir.1975) ] (Footnotes omitted.)"

The claims, crossclaims, and third-party claims involved arose from the same underlying occurrences and are related factually and legally. *See Peterson v. Zerr, supra; Union State Bank v. Woell, supra.* Rule 54(b) certification in cases involving dismissal of claims for indemnity or contribution "is generally frowned upon because if the defendant is not found liable in the main action there will never be any need to litigate the impleader claim." *Peterson v. Zerr, supra,* 443 N.W.2d at 298. Thus, if Williston and Braun are found not liable, there will be no need to resolve their claims for contribution or indemnity from Vestal and Red River. If Smith prevails against Williston, Burlington Northern or Braun, she may choose not to appeal the dismissal of Vestal; if Smith loses against Williston, Burlington Northern, and Braun, she can appeal from that judgment and raise the issue of Vestal's dismissal. *Peterson v. Zerr, supra.* Those considerations militate against 54(b) certification.

This is not a case like *Krank v. A.O. Smith Harvestore Products,* 456 N.W.2d 125, 127 n. 1 (N.D.1990), where 54(b) certification was granted where there was "an undisputed claim for damages" and an "undisputed right to regain possession" of property. In our review, we have found "no unusual or compelling circumstances presented to the court which dictated immediate entry of a separate judgment." *Id.,* 357 N.W.2d at 239. As in *Janavaras v. National Farmers Union Property and Casualty Co.,* 449 N.W.2d 578, 580 (N.D. 1989), and *Peterson v. Zerr, supra,* at 299, there has not been a showing of any "out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues … is deferred." This is not "the 'infrequent harsh case' warranting use of the Rule 54(b) procedure." *Peterson v. Zerr, supra,* 443 N.W.2d at 300. We conclude that the trial court's Rule 54(b) certification was improvidently granted and we dismiss the appeals.

Braun, Williston and Smith have asserted that the summary judgments were premature because they had not yet conducted discovery to support their attempts to show that Vestal and Red River fell within exceptions to the exclusive remedy provisions of the workers compensation statutes. Smith and Williston asserted that Vestal's conduct constituted an "actual intent to injure" [*Schreder v. Cities Service Co.,* 336 N.W.2d 641, 644 (N.D.1983); *Schlenk v. Aerial Contractors, Inc.,* 268 N.W.2d 466, 472 (N.D.1978) ] qualifying for an exception to the exclusive remedy provisions of the workers compensation statutes. Braun asserted that Red River breached a well-settled duty to Braun, rendering Red River liable to indemnify Braun for any recovery awarded against Braun [*see Sayler v. Holstrom,* 239 N.W.2d 276 (N.D.1976) ] and that this common-law noncontractual duty to indemnify Braun is an exception to the exclusive remedy provisions of the workers compensation statutes. *See Barsness v. General Diesel & Equipment Co., Inc.,* 422 N.W.2d 819 (N.D.1988) [holding that an indemnity agreement was a waiver of the exclusive remedy provisions of the workers compensation statutes].

Rule 56(f) provides a remedy when discovery is necessary to properly respond to a motion for summary judgment:

> "*(f) When affidavits are unavailable.* Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

"A major objective of subdivision (f) has been to insure that a diligent party is given a reasonable opportunity to prepare his case." 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2741, p. 541 (1983). "Rule 56(f) should

be applied with a spirit of liberality." *Buchanan v. Stanships, Inc.*, 744 F.2d 1070, 1074 (5th Cir.1984). However, none of the parties attempted to use Rule 56(f) in response to the motions for summary judgment. As we said in *Larson v. Baer*, 418 N.W.2d 282, 288–289 (N.D.1988):

> "The possibility that discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny summary judgment where the party opposing summary judgment has failed to invoke the procedures under NDR Civ P 56(f) to submit affidavits stating a need for discovery or to request a continuance in order to present further affidavits or depositions in opposition to summary judgment. *Davis v. Satrom*, 383 N.W.2d 831 (N.D.1986). Plaintiffs did not comply with Rule 56(f). Therefore, we decline to reverse summary judgment on the basis of the incomplete state of plaintiffs' discovery."

Because we have concluded that Rule 54(b) certification was improvidently granted, the summary judgments at issue remain subject to revision. Braun, Williston and Smith may move for reconsideration in light of discovery to be conducted or already conducted since the motions for summary judgment were granted.

Red River unsuccessfully sought attorney fees under § 28–26–01, N.D.C.C., and Rule 11, N.D.R.Civ.P., in the trial court and requests attorney fees on appeal. We deny the request for attorney fees. Whether a noncontractual duty to indemnify or an actual intent to injure are exceptions to the exclusive remedy provisions of the workers compensation statutes are open questions. *See, e.g., Barsness v. General Diesel & Equipment Co., Inc., supra; Schreder v. Cities Service Co., supra; Schlenk v. Aerial Contractors, Inc., supra; Sayler v. Holstrom, supra.* Thus, an attempt to assert one of those exceptions does not merit the imposition of attorney fees as a sanction.

Appeals dismissed.

ERICKSTAD, C.J., VANDE WALLE and LEVINE, JJ., and PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.