UNITED STATES of America, Plaintiff,

v.

FIVE PARCELS, 1.11195 ACRES OF LAND, MORE OR LESS, SITUATED IN the CITY OF DETROIT, WAYNE COUNTY, STATE OF MICHIGAN, and James E. Ryan, et al., and Unknown Owners, Defendants.

No. 90–CV–73139–DT.

United States District Court, E.D. Michigan, S.D.

June 11, 1991.

Denise Langford–Morris, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Alan T. Ackerman, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

This is a land condemnation case involving the United States Government's exercise of its power of eminent domain in order to construct and enlarge a U.S. Custom's cargo inspection facility for the Ambassador Bridge U.S. Border Station.[1] Specifically, the government seeks to acquire title to approximately 1.11 acres of land owned by James E. Ryan and Ryan and Gannon Associates. Defendants used the subject tract to maintain a trucking business. The instant case stems from the parties' inability to agree on the amount of money that would justly compensate defendants for the loss of the condemned property.

---

1. The government also declares that it intends to use the subject property for any other purpose "as may be authorized by Congress or by Executive Order." (Government's Declaration of Taking, Schedule A).

This matter is before the Court on the government's motion for partial summary judgment. Defendants have filed a timely response and pursuant to E.D.Mich.R. 17(*l*)(2), the Court rules on the motion without entertaining oral argument.

After reviewing the motion, briefs and file in this case, the Court concludes that no genuine issue of material fact exists and that the government is entitled to judgment as a matter of law. Therefore, the Court grants the government's Fed.R. Civ.P. 56(c) motion for partial summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the non-movant. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Ind.,* 806 F.2d 673, 675 (6th Cir.1986). Where the non-movant has failed to present evidence on an essential element of its case, it has failed to meet its burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

## III. BACKGROUND

In a December 5, 1990 order, the Court ordered that federal procedural and substantive law would apply throughout this action and that the issue of measuring just compensation represents a federal question to be determined under federal law. Furthermore, in the same order, the Court determined that *U.S. v. 0.88 Acres of Land,* 670 F.Supp. 210 (W.D.Mich.1987) would provide the legal basis for determining the measure of just compensation.

In its motion for partial summary judgment, the government wishes to further clarify the legal effect of *0.88 Acres* on the compensation issues presented in this case. In this respect, the government seeks summary judgment on three issues: (1) the legal definition of "fixtures"; (2) the compensability of fixtures; and (3) the availability of consequential damages as compensation for loss of goodwill or a going concern.

## IV. LEGAL ANALYSIS

### A. Definition of and Compensation for Fixtures

The government contends that *0.88 Acres* provides the legal definition of "fix-

tures" to be utilized in determining just compensation. The government claims that *0.88 Acres* provides a 3–part test for determining whether a piece of property is considered a fixture for which compensation must be paid. Additionally, the government argues that an objective standard applies to the determination of the existence of a fixture and that just compensation should reflect the value of the land as enhanced by the fixtures in place. The government also argues that personalty falling outside the definition of a fixture is not compensable. Defendant claims that *0.88 Acres* does not rely on a purely objective standard of determination, but rather contemplates consideration of the property owner's subjective intent in determining whether a particular item is a fixture.

In its December 5, 1990 order, the Court unequivocally adopted the analysis of *0.88 Acres* as the law of the case with respect to determining just compensation. The Court stands by its previous ruling and expounds below.

■ In *0.88 Acres*, the district court stated the following:

The Court's holding on the issue of fixtures ... is as follows:

"A property owner is entitled to compensation for his fixtures. The test to be applied in order to ascertain whether or not an item is a fixture emphasizes three factors:

(1) Annexation to the realty, either actual or constructive;

(2) Adaptation or application to the use or purpose of that part of the realty to which it is connected or appropriated; and

(3) Intention to make the article a permanent accession to the realty. The intention which controls is that manifested by the objective, visible facts. The permanence required is not equated with perpetuity. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose.

With regard to those items properly within the definition of a fixture, you should award the value of the land as enhanced by the fixtures in place. With regard to those items of personal property outside the definition of a fixture, no compensation whether for removal, reinstallation, or any other cost, should be awarded."

*0.88 Acres*, 670 F.Supp. 210, 211 n. 2. Defendants' argument that *0.88 Acres* somehow compels the Court to consider the subjective intent of the property holder in deciding whether an item is a fixture is, at best, specious. Defendants' reliance on Michigan case law is misplaced, given the Court's December 5 Order adopting *0.88 Acres*.

■ Therefore, in accordance with the dictates of *0.88 Acres*, the Court holds that fixtures are those items that are annexed to the realty, are adapted or applied to the use or purpose of that part of the realty to which they are connected or appropriated, and are objectively intended to be a permanent accession to the realty. Furthermore, the Court holds that fixtures are compensable only to the extent that they enhance the value of the land. Finally, the Court holds that no compensation is required for items not defined as fixtures according to the definition provided herein.

### B. Compensation for Consequential Damages

■ The government contends that federal condemnation law prohibits compensation for consequential damages, including business interruption losses, loss of goodwill, loss of profits and loss of going-concern value for a business. In support of its argument, the government relies on *United States v. Pennsylvania–Dixie Cement Corp.*, 178 F.2d 195, 198 (6th Cir.1949); and *United States v. 0.88 Acres of Land*, 670 F.Supp. 210 (W.D.Mich.1987). In their answer to the government's complaint in condemnation, defendants deny that just compensation has been offered. In their response to the government's motion for partial summary judgment, defendants state that if the government maintains an opera-

tion identical to defendants or sells excess property from the condemnation site for the development of a business similar to defendants, then defendants would be entitled to compensation for loss of a going concern.

Once again, *0.88 Acres* is instructive:

[D]amages for the loss of goodwill or loss of the going-concern value of a business are not compensable unless the government has condemned the business property with the intention of carrying on the business. [It has been] noted that in such situations, the condemning authority in effect takes the business since, in a monopoly situation, the former owner cannot establish a rival operation capable of receiving any of the former business' transferable intangible value.

*0.88 Acres*, 670 F.Supp. at 211 (citations omitted) (footnote omitted).

The government has referred to pleadings and produced an affidavit to indicate that it condemned defendants' property solely for the purposes of expanding the U.S. Customs facility. The government has stated in its declaration of taking that the property has been condemned in order to construct a U.S. Customs facility near the Ambassador Bridge in Detroit, Michigan. In addition to the declaration of taking, the government filed the affidavit of Joseph R. Mocadlo, a GSA employee, which states that defendants' property has been condemned in order to expand the United States Cargo Inspection Facility.

Fed.R.Civ.P. 56(e), in relevant part, states that

[w]hen a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as oth-

erwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Defendants have produced no opposing affidavits as required under Fed.R.Civ.P. 56(e). Defendants have only made conclusory allegations regarding speculation that the government may operate a business similar to the condemnee's such that the condemnee cannot establish a rival operation capable of receiving any of the former business's transferrable intangible value. However, defendants have not produced even a scintilla of evidence in support thereof. As a result, the Court is not faced with a genuine issue of material fact regarding the issue of consequential damages. Accordingly, the Court concludes that defendants are precluded from collecting consequential damages for any alleged loss of going-concern value for their trucking business.

■ Also, in their response brief, defendants claim that the government's motion is premature because defendants need additional time for investigation and discovery into the extent of their damages. The Federal Rules of Civil Procedure permit the Court to rely on such a claim to order submission of additional affidavits or to allow additional discovery before deciding a motion for summary judgment. Fed.R. Civ.P. 56(f). However, the claim or plea for additional discovery must be made in an affidavit under Rule 56(f). In this case, because defendants asserted in their brief, as opposed to in an affidavit, that they needed additional time for discovery, Rule 56(f) is inapplicable and, thus, poses no barrier to the entry of summary judgment on the issue of consequential damages.[2]

**2.** The Court's ruling with respect to the applicability of Fed.R.Civ.P. 56(f) is clearly justified in light of the provisions of Fed.R.Civ.P. 56(g), which allows the Court to award reasonable expenses, including attorneys' fees, and/or to hold a party guilty of contempt for submitting affidavits in bad faith or for purposes of delay. Clearly, Rule 56(g) recognizes that a request under Rule 56(f) for additional discovery time can present a serious delay to the proceedings

and cause the parties to incur additional costs. Therefore, because Rule 56(f) presents an opportunity for parties to engage in dilatory tactics, the request for additional discovery time must be made in an affidavit, thereby subjecting the affiant to the penalties prescribed by Rule 56(g). Thus, the Court denies defendants' casual request to postpone a decision on the government's motion pending the completion of discovery.

## V. CONCLUSION

In sum, the Court concludes that fixtures (1) are those items that are annexed to the realty; (2) are adapted or applied to the use or purpose of that part of the realty to which they are connected or appropriated; (3) are objectively intended to be a permanent accession to the realty; and (4) are compensable only to the extent that they enhance the value of the land. Furthermore, with respect to compensation for consequential damages, the Court holds that consequential damages in the form of damages for loss of goodwill or loss of the going-concern value of a business are not compensable unless the government has condemned the business property with the intention of carrying on the business.

The Court finds that no genuine issues of material fact exist and that the government is entitled to partial summary judgment as a matter of law. Accordingly, for all of the foregoing reasons, the Court hereby GRANTS the government's Fed.R.Civ.P. 56(c) motion for partial summary judgment with respect to the import of *U.S. v. 0.88 Acres of Land,* 670 F.Supp. 210 (W.D.Mich. 1987), which in a previous order was adopted as the law of this case.

IT IS SO ORDERED.