2005 ND 90

**CHOICE FINANCIAL GROUP, Plaintiff and Appellee,**

v.

**Donald A. SCHELLPFEFFER, Defendant and Appellant,**

and

**The R & D Group, L.L.C., Defendant.**

No. 20040204.

Supreme Court of North Dakota.

May 17, 2005.

Lowell P. Bottrell (argued), and Kyle Lynn Carlson (appeared), Anderson & Bottrell, Fargo, ND, for plaintiff and appellee.

Daniel John Crothers (argued), Stephen W. Plambeck (on brief), Nilles, Ilvedson, Stroup, Plambeck & Selbo, Ltd., Fargo, ND; Michael Degan (on brief) and Timothy K. Dolan (on brief), Blackwell, Sanders, Pepper & Martin, Omaha, NE, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Donald Schellpfeffer appeals from a partial summary judgment holding him liable on a personal guaranty of a corporate loan. We dismiss the appeal, concluding the district court erred in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b).

I

[¶ 2] In January 2003, the R & D Group, LLC ("R & D") executed a promissory note for $2,200,000 to Choice Financial Group ("Choice"). The promissory note was to be used to pay off numerous existing promissory notes between R & D and Choice and for future advances. Schellpfeffer signed a personal guaranty of the promissory note. In addition, in August 2003 Schellpfeffer signed a personal promissory note agreeing to pay $50,000 to Choice.

[¶ 3] R & D defaulted on its note, and Choice sued R & D and Schellpfeffer. Choice sought to recover the full amount

of the corporate note from Schellpfeffer on his guaranty, and also sought the $50,000 on Schellpfeffer's personal note. Schellpfeffer contends he was fraudulently induced into signing the guaranty on R & D's note because $275,000 of the $2.2 million promissory note was used to pay off indebtedness of another company, Plains Technology Ventures, LLC ("Plains Technology"), rather than R & D's indebtedness. Schellpfeffer contends he had expressly refused to guaranty any indebtedness of Plains Technology, but only the indebtedness of R & D.

[¶ 4] Choice moved for summary judgment on its claims. The trial court determined R & D was in default, and ordered summary judgment against it for the full amount of the promissory note. The court determined Schellpfeffer had guaranteed Choice's loan to R & D, but concluded that factual issues remained regarding Schellpfeffer's claim that $275,000 of the loan proceeds had gone to pay off indebtedness of Plains Technology and that his guaranty did not cover those amounts. The trial court ordered entry of partial summary judgment against Schellpfeffer for the amount of the promissory note less the disputed $275,000, with accrued interest. The court withheld ruling on Choice's attempt to collect on Schellpfeffer's personal $50,000 promissory note.

[¶ 5] The trial court concluded there was no just reason for delaying entry of judgment and a final judgment was entered against R & D for the full amount of the promissory note plus interest, and against Schellpfeffer for $2,036,725.35. Schellpfeffer has appealed, arguing that the district court erred in certifying the partial summary judgment as final under N.D.R.Civ.P. 54(b) and that genuine issues of material fact exist which preclude entry of summary judgment against Schellpfeffer on his guaranty.

## II

[¶ 6] Before we consider the merits of an appeal, we must have jurisdiction. *Kostrzewski v. Frisinger*, 2004 ND 108, ¶ 8, 680 N.W.2d 271; *Henry v. Securities Comm'r*, 2003 ND 62, ¶ 5, 659 N.W.2d 869. We dismiss an appeal if we conclude that we do not have jurisdiction. *Frontier Enters., L.L.P. v. DW Enters., L.L.P.*, 2004 ND 131, ¶ 3, 682 N.W.2d 746; *Henry*, at ¶ 5. Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable. *Mann v. ND Tax Comm'r*, 2005 ND 36, ¶ 8, 692 N.W.2d 490; *Frontier Enters.*, at ¶ 3.

[¶ 7] Rule 54(b), N.D.R.Civ.P., authorizes a trial court to enter a final judgment adjudicating fewer than all of the claims of all of the parties upon an express determination by the trial court that there is no just reason for delay and upon an express direction for the entry of judgment. On appeal, this Court is not bound by the trial court's Rule 54(b) certification, and we will review the court's decision under the abuse of discretion standard to determine whether certification was improvidently granted. *See, e.g., Mann*, 2005 ND 36, ¶ 12, 692 N.W.2d 490; *Public Serv. Comm'n v. Wimbledon Grain Co.*, 2003 ND 104, ¶ 7, 663 N.W.2d 186. A trial court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process, or if it misinterprets or misapplies the law. *Wimbledon Grain*, at ¶ 7.

[¶ 8] The trial court ordered summary judgment on Schellpfeffer's guaranty of the corporate note, but only for a portion of the damages sought by Choice. The court concluded there was a genuine issue of material fact as to $275,000 of the $2.2 million guaranteed by Schellpfeffer,

and reserved ruling on that amount pending further proceedings.

[¶ 9] Because N.D.R.Civ.P. 54(b) is derived from the corresponding federal rule, we consider federal courts' interpretations of Fed.R.Civ.P. 54(b) as highly persuasive when construing our rule. *See González v. Tounjian,* 2004 ND 156, ¶ 12, 684 N.W.2d 653. Federal courts construing Fed. R.Civ.P. 54(b) have consistently held that, where partial summary judgment is rendered with respect to only part of the damages sought by the plaintiff and consideration of further damages is reserved for a later date, the judgment is neither final nor on an entire claim, and there can be no certification of the partial summary judgment as final under Rule 54(b). *See Sussex Drug Prods. v. Kanasco, Ltd.,* 920 F.2d 1150, 1154–55 (3d Cir.1990); *Kaszuk v. Bakery and Confectionery Union,* 791 F.2d 548, 553 (7th Cir.1986); *Southeast Nursing Home, Inc. v. St. Paul Fire and Marine Ins. Co.,* 750 F.2d 1531, 1539 n. 11 (11th Cir.1985); *Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.,* 696 F.2d 787, 789–90 (10th Cir.1983); *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir.1978); *International Controls Corp. v. Vesco,* 535 F.2d 742, 748 (2d Cir.1976); *see also Dunlop Tire Corp. v. Arch,* 784 So.2d 1056, 1058–59 (Ala.Civ.App.2000); *Merrell Dow Pharms., Inc. v. Oxendine,* 593 A.2d 1023, 1025–26 (D.C.1991); *Elliot Megdal and Assocs. v. Daio USA Corp.,* 87 Hawai'i 129, 952 P.2d 886, 892 (Haw.Ct.App.1998); 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2657 (3d ed.1998); 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3915.2 (2d ed.1992). For a "final judgment to be entered on any one claim, all damages stemming from that claim must be fixed," and "the district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed." *Vesco,* at 748. A judgment "cannot be considered final as long as it leaves open the question of additional damages." *Id.; Dunlop Tire,* at 1059. Where liability rests on the same transaction, an award of some damages, with additional damages reserved, does not constitute a separate claim under Rule 54(b), but "is simply an example of an attempt to split a cause of action." *Sussex Drug Prods.,* at 1155.

[¶ 10] The trial court in this case determined that Schellpfeffer was liable on his guaranty of the corporate note, but allowed only partial damages, preserving the issue of Schellpfeffer's liability for $275,000 of the $2.2 million guaranty. Choice's action against Schellpfeffer on his personal guaranty of the $2.2 million note constituted a single claim. The partial summary judgment accordingly does not adjudicate an entire claim and is not final, and the trial court abused its discretion in certifying the partial summary judgment as final. We therefore conclude the Rule 54(b) certification was improvidently granted and we are without jurisdiction to consider the appeal on the merits.

[¶ 11] The appeal is dismissed.

[¶ 12] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., concur.

[¶ 13] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.