2006 ND 87

**CHOICE FINANCIAL GROUP,**
**Plaintiff and Appellee**

v.

**Donald A. SCHELLPFEFFER,**
**Defendant and Appellant**

**and**

**The R & D Group, LLC, Defendant.**

**No. 20050273.**

Supreme Court of North Dakota.

April 25, 2006.

Rehearing Denied June 7, 2006.

Stephen W. Plambeck (argued) of Nilles, Ilvedson, Stroup, Plambeck & Selbo, Ltd., Fargo, N.D., and Michael S. Degan of Blackwell, Sanders, Pepper, Martin, Omaha, NE, for defendant and appellant.

Lowell P. Bottrell (argued) and Kyle L. Carlson of Anderson & Bottrell, Fargo, N.D., for plaintiff and appellee.

SANDSTROM, Justice.

[¶ 1] Donald Schellpfeffer appeals the district court's amended judgment ordering him to pay Choice Financial Group ("Choice") $2,036,725.35 on a note he guaranteed for The R & D Group, LLC ("R & D"). Schellpfeffer also appeals the court's order allowing Choice to dismiss $275,000 of its claim, which he contends was an attempt to block further discovery. Finally, he appeals the district court's denial of his motion to amend his complaint to counterclaim that Choice fraudulently induced him into guaranteeing the loan. Holding summary judgment was improperly granted before Schellpfeffer had any opportunity for discovery, we reverse and remand.

I

[¶ 2] The facts of this case were outlined in *Choice Financial Group v. Schellpfeffer*, 2005 ND 90, 696 N.W.2d 504. We highlight those facts necessary for this opinion. In January 2003, R & D gave a promissory note for $2.2 million to Choice. Schellpfeffer and Michael Volk, both members of R & D, guaranteed the note. Schellpfeffer agreed only to guaranty the debt of R & D and no other entity associated with Volk. R & D defaulted on the note. Volk filed for bankruptcy and was protected by bankruptcy's automatic stay.

[¶ 3] On March 3, 2004, Choice sued R & D and Schellpfeffer to recover on the defaulted note. Choice requested a judgment against R & D for $2.2 million plus interest and late charges. Choice requested Schellpfeffer be found jointly and severally liable on the note as a guarantor. R & D and Schellpfeffer served a joint answer on May 7, 2004. In the joint answer, Schellpfeffer individually admitted he executed the guaranty but affirmatively alleged Choice fraudulently induced him to sign the guaranty. According to Schellpfeffer, some of the debt allegedly owed by R & D was actually owed by another company, Plains Technology Ventures, LLC ("Plains Technology"), and he had refused to guaranty any loans made to Plains Technology; therefore, his guaranty did not cover any money advanced to Plains Technology.

[¶ 4] On May 13, 2004, approximately ten weeks after the lawsuit began and six days after the answer was served, Choice moved for summary judgment. At the summary judgment hearing, Schellpfeffer's counsel argued more discovery was needed before summary judgment could be granted. The district court disagreed. It held no genuine issue of material fact existed as to a large part of the note and partially granted summary judgment, awarding Choice $2,036,725.35. The court denied summary judgment for $275,000 of the note because it concluded there were issues of fact as to that amount. Schellpfeffer secured new counsel and moved to alter, amend, or vacate the judgment. Counsel argued in the brief supporting the motion that more discovery was needed before summary judgment could be granted. He argued Schellpfeffer had requested documents from Choice detailing the

loan transaction, but the discovery request was not answered before the summary judgment hearing. Schellpfeffer's motion was denied.

[¶ 5] The district court certified the partial summary judgment as a final order as provided in N.D.R.Civ.P. 54(b), and Schellpfeffer appealed the partial summary judgment. We dismissed the appeal, concluding the partial summary judgment was not a final order. *Choice Fin. Group*, 2005 ND 90, ¶ 1, 696 N.W.2d 504.

[¶ 6] On remand, Choice moved to voluntarily dismiss the remaining $275,000 of its claim to secure a final judgment. Schellpfeffer moved to amend his answer to include a counterclaim against Choice and a cross-claim against R & D. In his reply to Choice's voluntary dismissal motion and in support of his motion to amend, counsel argued additional discovery was needed. The district court denied Schellpfeffer's motion to amend the answer, granted Choice's motion to voluntarily dismiss part of its claim, and ordered final judgment be entered in favor of Choice.

[¶ 7] On appeal, Schellpfeffer argues the district court erred when it granted summary judgment for Choice, granted voluntary dismissal of part of Choice's claim, and denied his motion to amend the answer. Choice argues the district court properly resolved the motions before it.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 27–02–04 and §§ 28–27–01 through 28–27–02.

## II

[¶ 9] The dispositive issue on appeal is whether summary judgment was properly granted. Summary judgment is appropriate only after the non-moving party has had a reasonable opportunity for discovery to develop his position. *Aho v. Maragos*, 1998 ND 107, ¶ 4, 579 N.W.2d 165 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Rule 56(f), N.D.R.Civ.P., allows for additional discovery before summary judgment is granted:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) is within the discretion of the district court, and the court will not be reversed unless it has abused its discretion. *Aho*, at ¶ 4. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law." *Sec. Nat'l Bank v. Wald*, 536 N.W.2d 924, 928 (N.D.1995).

[¶ 10] In *Johnson Farms v. McEnroe*, this Court held that N.D.R.Civ.P. 56(f) should be applied liberally. 1997 ND 179, ¶ 27, 568 N.W.2d 920. Discussing Rule 56(f), this Court noted:

> "[T]he purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective. Consistent with this purpose, courts have stated that technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality."

*Id.* at ¶ 27 (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2740 (2d ed.1984)). In *Johnson Farms*, approximately four months elapsed

between the beginning of the lawsuit and the defendant's motion for summary judgment. *Id.* at ¶¶ 11–12. The plaintiff had specifically invoked Rule 56(f) in its brief opposing summary judgment. *Id.* at ¶ 28. This Court held that if the reason the district court denied the plaintiff's request for additional discovery was because it was not made in affidavit form, the court's decision "would be a technical application of a rule that should be applied with a spirit of liberality." *Id.* at ¶ 29.

[¶ 11] In *Aho v. Maragos,* this Court reversed the district court's grant of summary judgment because the court abused its discretion when it denied the defendant's request for additional discovery. 1998 ND 107, ¶ 1, 579 N.W.2d 165. Twelve weeks had elapsed between the beginning of the lawsuit and the summary judgment motion. *Id.* at ¶ 3. Only six weeks had passed between the service of the defendant's answer and the summary judgment motion. *Id.* Because this Court's primary concern was that a party be afforded the opportunity to conduct discovery necessary to its position, the Court concluded the defendant's oral request for additional discovery, made at the summary judgment hearing, was sufficient to invoke Rule 56(f). *Id.* at ¶¶ 6–8. This Court again emphasized that Rule 56(f) needed to be applied with " 'a spirit of liberality.' " *Id.* at ¶ 6 (quoting *Johnson Farms,* 1997 ND 179, ¶ 29, 568 N.W.2d 920).

[¶ 12] "Although not binding, federal court interpretations of a corresponding federal rule of civil procedure are highly persuasive in construing our rule." *Thompson v. Peterson,* 546 N.W.2d 856, 860 (N.D.1996). Although failure to comply with the affidavit requirement of Rule 56(f) is not fatal to a request for additional discovery, a proponent of the request must still "identify with specificity 'what particular information is sought; how, if uncovered, it would preclude summary judg-

ment; and why it has not previously been obtained.' " *Lunderstadt v. Colafella,* 885 F.2d 66, 71 (3d Cir.1989) (quoting *Dowling v. City of Phila.,* 855 F.2d 136, 140 (3d Cir.1988)).

[¶ 13] As in *Aho,* Schellpfeffer's counsel argued at the summary judgment hearing that the discovery to that point had been insufficient to conclude whether money supposedly advanced to R & D under its note was actually advanced to Volk's other entities. Specifically, Schellpfeffer's counsel argued:

What I know is Mr. Volk has testified to some amount of money. Hey, this amount of money Choice says is due is not correct. Some of this money was advanced to Plains Technology Ventures and was then later characterized as R & D Group that once Dr. Schellpfeffer wouldn't sign those loan documents.

. . . .

I don't believe this issue is ripe for summary judgment at this point. I think we need to find out what—what the facts were with regard to making of these documents and loan advances.

That either Choice Financial Group would advance money without a promissory note makes me—makes me question the transaction. I'd like the ability to go back and do some more discovery and find out exactly what happened here.

I don't understand—I don't understand how—what Mr. Volk tells me and what his business partner told me was the facts about how this transaction came to be.

. . . .

But what I'm saying, Your Honor, is it appears that there's some—it appears that all the facts aren't on the table. There's some amount of money here, and we don't know what, that Dr. Schellpfeffer—that may have been more

properly attributed to Plains Tech that Dr. Schellpfeffer wasn't informed about. So I don't know what the amount of his guaranty should be. I don't even know if that second guaranty is enforceable as a result of Choice's failure to tell him.

That's why I think summary judgment at this time is inappropriate. I think that further discovery is probably appropriate, Your Honor.

[¶ 14] Counsel's argument was supported by Volk's affidavit testimony that at least $275,000 had been advanced to Plains Technology. We conclude counsel's argument was sufficient to invoke Rule 56(f). It identified what information was sought, specifically whether more than the $275,000 Volk specifically knew of was advanced to entities other than R & D. The argument outlined how those facts would preclude summary judgment by raising genuine issues of material fact concerning what amount of money Schellpfeffer was responsible for because of his guaranty. Finally, the reason discovery had not been previously obtained was obvious: only six days had passed between the service of R & D and Schellpfeffer's joint answer and Choice's motion for summary judgment. R & D and Schellpfeffer were not given time to complete discovery. Counsel for Schellpfeffer specifically stated, "I do not believe this issue is ripe for summary judgment at this point," and "I think summary judgment at this time is inappropriate."

[¶ 15] As in *Aho* and *Johnson Farms,* the district court ignored Schellpfeffer's request for additional discovery on the note, other than the $275,000 still in dispute. Since the summary judgment hearing, Schellpfeffer has consistently argued more discovery was needed before summary judgment could be properly granted. The accelerated time in the present case was shorter than the times in *Aho* and *Johnson Farms.* Choice moved for summary judgment a mere ten weeks after it first sued Schellpfeffer and only six days after R & D and Schellpfeffer served their joint answer. Furthermore, the facts Schellpfeffer wished to discover were in possession of businesses and people other than himself, including Choice. "[W]here the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Costlow v. United States,* 552 F.2d 560, 564 (3d Cir.1977). Schellpfeffer is entitled to the spirit of liberality applied in *Aho* and *Johnson Farms.* We hold that in light of the short time between the beginning of the lawsuit and the summary judgment motion, additional discovery is needed before summary judgment can be appropriate. The district court abused its discretion when it granted summary judgment in favor of Choice.

[¶ 16] We note, however, that this Court has a strong preference for compliance with the affidavit requirement of N.D.R.Civ.P. 56(f). As we said in *Hummel v. Mid Dakota Clinic, P.C.:*

The possibility that discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny summary judgment where the party opposing the motion has failed to specifically invoke Rule 56(f) procedures. Because counsel did not comply with Rule 56(f), the alleged incomplete state of [the plaintiff's] discovery provides no basis to reverse the summary judgment.

526 N.W.2d 704, 708 (N.D.1995) (citations omitted). In *Hummel,* only nine weeks had passed between the beginning of the lawsuit and the defendant's summary judgment motion. Brief of Plaintiff and Appel-

lant at 1, *Hummel v. Mid Dakota Clinic, P.C.*, 526 N.W.2d 704 (N.D.1995) (No. 940218). Only six weeks had passed from the time the defendant's answer was served until the summary judgment motion. *Id.* *Hummel* is distinguishable, however, because the plaintiff's request for additional discovery was unspecific. 526 N.W.2d at 707. Counsel for the plaintiff had submitted two affidavits. *Id.* The first affidavit discussed events the decedent had told counsel about and vague information an unnamed informant had told counsel. *Id.* In the second affidavit, counsel tried to relay the distress the decedent had endured and stated that other people would be ready to testify at a trial. *Id.* The plaintiff argued these affidavits, along with a reference in her trial court brief claiming discovery would support the plaintiff's position, were sufficient to invoke Rule 56(f). *Id.* at 708. We held they were insufficient because the vague references to discovery did not state why the plaintiff could not present facts needed to oppose the motion and because the plaintiff failed to specifically invoke Rule 56(f). *Id.* In the present case, although Schellpfeffer's counsel did not specifically cite Rule 56(f), he repeatedly requested more discovery, stating it was needed to learn what specific amounts of money were advanced to entities other than R & D and arguing the information would have raised an issue of fact concerning how much Schellpfeffer was actually liable for under his guaranty.

[¶ 17] As federal courts have noted, following the affidavit procedures of Rule 56(f) is beneficial to both the parties and the court. Affidavits give the parties' arguments strength and supply the district court with the information needed to make a decision on the motion. *See Lunderstadt*, 885 F.2d at 70–71 ("Compliance with that provision by a party opposing summary judgment on Rule 56(f)[, Fed.R.Civ. P.,] grounds will also facilitate supplying the district court with the information

needed to rule on the Rule 56(f)[, Fed. R.Civ.P.,] motion."). From the court's perspective, affidavits deter the parties from engaging in dilatory tactics or other bad faith strategies. *See United States v. Five Parcels*, 765 F.Supp. 1283, 1286 n. 2 (E.D.Mich.1991) ("Therefore, because Rule 56(f)[, Fed.R.Civ.P.,] presents an opportunity for parties to engage in dilatory tactics, the request for additional discovery time must be made in an affidavit, thereby subjecting the affiant to the penalties prescribed by Rule 56(g)[, Fed.R.Civ.P.]."). Although R & D and Schellpfeffer were tardy in filing an answer, interrogatory answers, and a response to Choice Financial's motion for summary judgment, summary judgment was not granted as a sanction, nor do we suggest that it would have been appropriate.

[¶ 18] Therefore, following the affidavit procedure of Rule 56(f) rather than merely requesting additional discovery at a summary judgment hearing is the better practice. Simply requesting additional discovery at a summary judgment hearing will not guarantee the discovery continuance will be granted. The party requesting additional discovery must still explain to the district court what information is sought, how the information would preclude summary judgment, and why it has not been previously obtained. Affidavits will help meet that burden.

[¶ 19] Given the short time presented in this case, the district court abused its discretion by not allowing Schellpfeffer additional time for discovery. We reverse the district court's grant of summary judgment and remand the case to the district court.

III

[¶ 20] Because we conclude summary judgment was improperly granted, Choice's motion to dismiss part of its claim

and Schellpfeffer's motion to amend his answer remain subject to revision. *See Smith v. Vestal,* 456 N.W.2d 502, 506 (N.D. 1990) ("Because we have concluded that Rule 54(b) certification was improvidently granted, the summary judgments at issue remain subject to revision."). The parties may move for reconsideration in light of this opinion and the discovery to be conducted. *Id.*

## IV

[¶ 21] The district court abused its discretion when it did not allow additional discovery. We reverse the amended judgment and remand to the district court.

[¶ 22] GERALD W. VANDE WALLE, C.J., BRUCE E. BOHLMAN, S.J., and CAROL RONNING KAPSNER, JJ.

[¶ 23] The Honorable BRUCE E. BOHLMAN, Surrogate Judge, sitting in place of CROTHERS, J., disqualified.

MARING, Justice, dissenting.

[¶ 24] I respectfully dissent. Although Rule 56(f), N.D.R.Civ.P., should be interpreted liberally, the majority interprets it in such a way that it is only the time that has passed between service of the answer and the motion for summary judgment that provides the test for a court's abuse of discretion. In doing so, the majority ignores that Schellpfeffer did not establish one of the elements required by Rule 56(f), and rewards his lack of diligence during the course of this litigation. I do not interpret our prior decisions on Rule 56(f) as creating such a time test and, therefore, I do not believe the trial court abused its discretion in denying further time for discovery.

[¶ 25] Rule 56(f) is intended to "provide an additional safeguard against the improvident or premature grant of summary judgment, and the rule generally has been applied to achieve that objective." *Luallin v. Koehler,* 2002 ND 80, ¶ 29, 644

N.W.2d 591. In *Aho v. Maragos,* this Court rejected a strict interpretation of the rule posited by Justice Sandstrom. *See generally, Aho v. Maragos,* 1998 ND 107, 579 N.W.2d 165. We said:

> Our primary concern under Rule 56(f) is to ensure that parties are given a full and fair opportunity to conduct necessary discovery before being required to meet a motion for summary judgment. Rule 56(f) is intended to safeguard against judges swinging the summary judgment axe too hastily. We will apply the rule to prevent a "rush to summary judgment" when a party has been denied a fair opportunity to conduct discovery.

*Aho,* 1998 ND 107, ¶ 7, 579 N.W.2d 165 (citations omitted). I believe the correct interpretation of Rule 56(f) requires the party opposing a motion for summary judgment to clearly state in his brief or affidavits that further discovery is necessary, what and why further discovery is necessary, and that a continuance is requested. The rule plainly states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

N.D.R.Civ.P. 56(f). I believe the plain meaning of Rule 56(f) allows the trial court, once requested, to review the brief and affidavits of the non-moving party to decide if more time for discovery should be afforded. If it appears from this review that (1) the non-moving party cannot present essential facts that would justify his opposition to the motion for summary judgment; and, (2) the non-moving party

states in his brief or affidavit reasons why he is not able to timely present such facts, a continuance generally should be given before summary judgment is granted. Although both prongs are preferably supported by affidavits, I would not penalize a party that establishes both prongs in either briefing or oral argument. *See Johnson Farms v. McEnroe*, 1997 ND 179, ¶ 29, 568 N.W.2d 920 (stating "[i]f the trial court's reason for denying the request is because it was not made in affidavit form, that reason is not apparent from the decision and, in any event, would be a technical application of a rule that should be applied with a spirit of liberality"); *see also Aho,* 1998 ND 107, ¶ 6, 579 N.W.2d 165.

[¶ 26] However, a trial court's failure to conduct this review will not be error if arguments invoking the rule, either specifically by name or by raising arguments that embody the spirit captured in the rule, are never raised. That is what I believe this Court meant when it said in *BTA* that "[t]he possibility that further discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny the motion when the party has failed to invoke N.D.R.Civ.P. 56(f)." *BTA Oil Producers v. MDU Resources Group*, 2002 ND 55, ¶ 52, 642 N.W.2d 873 (citing *Opp v. Source One Mgmt., Inc.,* 1999 ND 52, ¶ 11, 591 N.W.2d 101; *American State Bank and Trust Co. v. Sorenson,* 539 N.W.2d 59, 62 (N.D.1995); *Hummel v. Mid Dakota Clinic, P.C.,* 526 N.W.2d 704, 708 (N.D.1995)).

[¶ 27] In *Johnson Farms*, the rule was explicitly raised in the non-moving party's brief. 1997 ND 179, ¶ 28, 568 N.W.2d 920. In *Aho*, the spirit of the rule was invoked by the non-movant during a telephonic hearing on the summary judgment motion. 1998 ND 107, ¶ 3, 579 N.W.2d 165. In *BTA,* we held that the rule was not invoked and therefore the possibility that further discovery would yield favorable evidence was not a ground to reverse the

trial court's denial of the motion on appeal. 2002 ND 55, ¶ 52, 642 N.W.2d 873.

[¶ 28] I agree with the majority insofar as it rejects the requirement that Rule 56(f)'s invocation requires magic words be spoken. In this case, the words "Rule 56(f)" were never uttered in either the affidavits, briefs, or oral argument. *See majority,* at ¶ 16. Nevertheless, by making arguments that embodied Rule 56(f), at least in spirit if not in name, I believe Schellpfeffer sufficiently "invoked" the rule.

[¶ 29] However, I would affirm because I do not believe Schellpfeffer met the second prong of the Rule 56(f) test. I do not read the original 2004 affidavits or the arguments of counsel opposing the motion for summary judgment as providing reasons Schellpfeffer could not present the essential facts that would allow him to oppose the motion for summary judgment. Schellpfeffer's arguments for continuance are presented in the majority opinion at ¶ 13. Nowhere does Schellpfeffer state a reason he has not been able to conduct discovery. In *Hummel v. Mid Dakota Clinic, P.C.,* the Court was faced with whether the following comments sufficiently invoked Rule 56(f):

Duane Hummel has died, and cannot personally testify, but the affidavit demonstrates a basis to reasonably expect discovery to substantiate the plaintiff's position. His widow has the right to pursue discovery in the case, to verify from other admissible sources, what her husband was told on December 16, 1993.

526 N.W.2d 704, 708 (N.D.1995). In affirming the trial court's granting of summary judgment, we held both that Rule 56(f) had not been properly invoked, and that the second prong of Rule 56(f), requiring a reason, had not been met:

We do not view these comments in the brief, considered along with the affida-

vits, as sufficient to invoke Rule 56(f). Rule 56(f) is not mentioned in either the brief or the affidavits, and nowhere are reasons stated why Mary Ann cannot present by affidavit any facts essential to justify her opposition to the motion. The trial court did not view these vague, isolated references to discovery as a Rule 56(f) request, and neither do we. *Id.* As in *Hummel,* Schellpfeffer here fails to state why he could not present the essential facts. He only makes conclusory statements that more discovery is needed.

[¶ 30] In the absence of a reason, the majority *implies* a reason: there has not been enough time. *See majority,* at ¶ 15 (stating "in light of the short time between the beginning of the lawsuit and the summary judgment motion, additional discovery is needed before summary judgment can be appropriate"). It is true we have held that an insufficient amount of time is, in appropriate cases, a sufficient reason to grant a continuance under Rule 56(f). *E.g., Aho,* 1998 ND 107, ¶ 8, 579 N.W.2d 165. We have also held that lack of time for discovery is not a sufficient reason for a continuance. *E.g., Luallin v. Koehler,* 2002 ND 80, ¶ 30, 644 N.W.2d 591. Because the circumstances in each case are different, we review the trial court's determination of whether a continuance should be granted with a deferential standard, abuse of discretion. *Id.* at ¶ 29. Here, this Court both provides the reason and substitutes its own discretion for that of the trial court.

[¶ 31] It is necessary to review facts omitted in the majority opinion in order to establish that Schellpfeffer had enough time to conduct discovery. On March 5, 2004, the summons and complaint were served upon The R & D Group and received by Volk. On March 8, 2004, the summons and complaint were served upon Schellpfeffer at his home. Because no answer was timely served, Choice Financial

was forced to file a motion for default judgment with the trial court on April 19, 2004. An answer was filed with the trial court on May 10. The affidavit of service for the answer does not state the date the answer was transmitted by facsimile transmission, but it was notarized May 7, 2004. On May 13, 2004, a motion for summary judgment was served on Schellpfeffer by Choice Financial. Schellpfeffer's response was served on June 15, 2004, again late. Discovery, including interrogatories and requests for admission, was served on Schellpfeffer on March 24, 2004. Again Schellpfeffer did not timely respond, finally serving responses on May 7, 2004. On remand from this Court, the trial court noted in its June 30, 2005, memorandum opinion and order that Schellpfeffer still had not come forward "with any personal affidavit or other evidence suggesting he had a real defense" to the personal guaranty and, despite a year having passed, "there is nothing but counsel's arguments and allegations in the proposed Second Amended Answer to suggest any possible reason why the 2004 summary judgment was not correct." The trial court clearly believed Schellpfeffer's late attempt to present new allegations in his answer was a dilatory pattern of conduct.

[¶ 32] I do not believe the trial court abused its discretion in deciding a fair opportunity for discovery was afforded Schellpfeffer, who had not been diligent at any point in this litigation.

[¶ 33] The majority, at ¶ 16, states, correctly, that we prefer affidavits accompany a Rule · 56(f) request for continuance. However, the majority, at ¶ 17, then ignores its own reasoning why we have such a preference: "From the court's perspective, affidavits deter the parties from engaging in dilatory tactics or other bad faith strategies."

The district courts have a duty under Rule 56(f) to ensure that the parties

have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment. To this end, it has been said that Rule 56(f) should be liberally construed. *On the other hand, a party seeking a Rule 56(f) continuance is generally required to demonstrate due diligence both in pursuing discovery before the summary judgment motion is made and in pursuing the extension of time after the motion is made.*

11 James Wm. Moore, *Moore's Federal Practice* ¶ 56.10(8)(a) (1997) (emphasis added).

[¶ 34] The majority ignores that there is no evidence in the record that Schellpfeffer conducted any discovery prior to the hearing on the motion for summary judgment, a hearing held fourteen weeks after the lawsuit was commenced. The majority does not discuss that it took eight weeks for Schellpfeffer to file an answer and, even then, the answer was not served until three weeks after a motion for default judgment had been made by Choice Financial. The majority neglects that Schellpfeffer's response to the motion for summary judgment was late. The majority ignores that Schellpfeffer did not answer discovery requests made upon him in a timely manner. The majority ignores that, on remand, Schellpfeffer still failed to present any affidavits setting forth the representations he claimed were fraudulent and the discovery he felt necessary. There is a complete void of due diligence on Schellpfeffer's part. Yet, the majority gives Schellpfeffer extraordinary leniency. In holding as it does, it is difficult to not come to the conclusion this Court will now reward dilatory tactics when a request is made for further discovery invoking Rule 56(f).

[¶ 35] I agree with the majority that Rule 56(f), N.D.R.Civ.P., should be applied to uphold its purpose of providing "an additional safeguard against an improvident or premature grant of summary judgment," that "technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality." *See Johnson Farms v. McEnroe,* 1997 ND 179, ¶ 27, 568 N.W.2d 920. I agree that the invoking of Rule 56(f) does not require the recitation of magic words. I cannot agree, however, that the trial court, in this case, abused its discretion by denying Schellpfeffer additional time for discovery.

[¶ 36] I would affirm.

[¶ 37] Mary Muehlen Maring